C. C. HUXFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34014. Promulgated June 12, 1930.

*George E. H. Goodner*, *Esq.*, and *Walter K. Smith*, *Esq.*, for the petitioner.
*John D. Foley*, *Esq.*, for the respondent.

40

OPINION.

TRAMMELL: The only question presented in this case is whether the loss sustained by the petitioner on the stock of the Atmore Trading Co. in 1921 was a loss sustained from the operation of a trade or business regularly carried on in order to be deductible under the net loss provisions of the statute.

In this case we are convinced that the stock loss in the Atmore Trading Co. was a loss resulting from the operation of a trade or

business regularly carried on. The corporation was organized by the petitioner and was operated by him, not as a separate enterprise from his naval stores business, but in a very substantial sense as a part of it and for the better operation thereof. It afforded the petitioner a central location accessible to his three naval stores operations. It afforded his employees advantages and afforded the petitioner advantages in connection with his naval stores business. Aside from the naval stores business, the corporation would have had no existence. The petitioner, himself, managed the store and kept his books in connection with his naval stores business there.

We do not consider that the investment in the stock of this corporation was an investment in a separate outside business, but was to further and benefit petitioner's naval stores business. It was merely incidental and beneficial to that business. We think that the situation here brings this case within the scope of our decisions in *Philip Kobbe Co.*, 4 B. T. A. 663, and *Lawrence J. Montgomery*, 17 B. T. A. 1308.

In view of the foregoing, it is our opinion that the loss sustained on the stock in the Atmore Trading Co. was a net loss within the meaning of section 204 of the Revenue Act of 1921 and is deductible in determining the taxable net income of the petitioner for 1922.

*Judgment will be entered under Rule 50.*